David C. Larkin  #006644
DAVID C. LARKIN, P.C.
4645 South Lakeshore Drive, Suite 6
Tempe, Arizona  85282
Telephone (480) 491-2900
Fax (480) 755-4825
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roland G. Harris, Jr., | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Graham Enterprises, Inc., f/k/a Rodeo Nights, a corporation, | |
| Defendant. | **JURY DEMAND: Plaintiff demands a trial by jury.** |

Plaintiff Roland G. Harris, Jr. hereby alleges as follows:

1. Plaintiff Roland Harris is a resident of Maricopa County, Arizona, and at times material hereto was a resident of Maricopa County, Arizona.

2. Defendant Graham Enterprises, Inc. ("Graham") is and at all times material hereto, was a Delaware corporation with offices in and doing business in Maricopa County and at all times material hereto was doing business as Rodeo Nights.

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a). This action arises, *inter alia,* under the Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981. Any and all acts alleged herein arose in Maricopa County, Arizona.

4. Plaintiff demands a jury trial.

**COUNT ONE - TITLE VII - RACE DISCRIMINATION**

5. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 4 above, as though each of said allegations were fully set forth herein.

6. Plaintiff Roland Harris was employed by Graham as the Assistant Head of Security at its nightclub, Rodeo Nights.  Plaintiff began working for defendant Graham in or around June 2004.

7. On or around July 5, 2005, plaintiff was not offered the opportunity to be promoted to the position of Assistant Club Manager.  Plaintiff had been employed by Graham for approximately one year.  He had received no complaints from Graham about his performance.  He was Assistant Head of Security at the time.  He was not offered the promotion, although non-black employees with no experience and less qualifications than plaintiff were offered the job.

8. It is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

9. Plaintiff filed a charge of race discrimination with the EEOC, #350-2005-04770.  Plaintiff subsequently exhausted his administrative remedies and the EEOC dismissed his charge and issued a Dismissal and Notice of Suit Rights on November 26, 2007.  Plaintiff filed timely this action within 90 days of his receipt of the Dismissal and Notice.

10. By denying plaintiff the position of Assistant Club Manager, Graham discriminated against plaintiff on the basis of his race, black.

11. Plaintiff's race was at least a motivating factor in Graham's decision to deny plaintiff the Assistant Club Manager position, and with that decision, Graham violated Title VII.

12. As a direct and proximate result of the discriminatory conduct of defendant, plaintiff Roland Harris has suffered compensatory damages, including loss of income, and general damages, including emotional distress according to proof.

13. Defendant's conduct was malicious, wanton, oppressive, motivated by evil motive or intent, and/or was performed with reckless or callous indifference to Mr. Harris's

1 federally protected rights such that he is entitled to an award of punitive damages in an
2 amount according to proof.

3     14. In accordance with Federal law, including but not limited to 42 U.S.C. 2000e-
4 5(K), plaintiff is entitled to recover his attorneys' fees and costs.

## COUNT TWO - TITLE VII - RETALIATION

6     15. Plaintiff hereby incorporates by reference the allegations contained in
7 paragraphs 1 through 14 above, as though each of said allegations were fully set forth herein.

8     16. On August 25, 2005, defendant Graham suspended and terminated plaintiff's
9 employment in retaliation for the protected activity of filing a charge of race discrimination
10 with the EEOC in violation of Title VII.

11     17. Plaintiff filed a charge of retaliatory discrimination with the EEOC, #350-2005-
12 04956. The EEOC issued a Determination on the merits on July 31, 2007, finding reasonable
13 cause to believe that defendant violated Title VII by suspending him in retaliation for his
14 activity protected by Title VII. Plaintiff subsequently exhausted his administrative remedies.
15 The EEOC dismissed his charge and issued a "Notice of Right to Sue and Notice of Suit
16 Rights" on November 30, 2007. Plaintiff timely filed this action within 90 days of his receipt
17 of the Dismissal and Notice.

18     18. As a direct and proximate result of the discriminatory conduct of defendant,
19 plaintiff Roland Harris has suffered compensatory damages, including loss of income, and
20 general damages, including emotional distress according to proof.

21     19. Defendant's conduct was malicious, wanton, oppressive, motivated by evil
22 motive or intent, and/or was performed with reckless or callous indifference to Mr. Harris's
23 federally protected rights such that he is entitled to an award of punitive damages in an
24 amount according to proof.

25     20. In accordance with Federal law, including but not limited to 42 U.S.C. 2000e-
26 5(K), plaintiff is entitled to recover his attorneys' fees and costs.

**COUNT THREE - 42 U.S.C. § 1981 - RACE DISCRIMINATION**

21.  Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 20 above, as though each of said allegations were fully set forth herein.

22.  Plaintiff is a black citizen that 42 U.S.C. § 1981 intends to protect from discrimination as a member of an identifiable class of persons subjected to intentional discrimination that is based solely on their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended Section 1981 to forbid.

23.  Defendant Graham through intentional, purposeful and/or reckless actions or inaction, discriminated against plaintiff with respect to the terms, conditions, and privileges of his employment contract by denying him promotion because of his race and by suspending and terminating his employment because of his race and in retaliation for filing a charge of race discrimination with the EEOC, all in violation of 42 U.S.C. § 1981.

24.  As a direct and proximate result of the discriminatory conduct of defendant Graham, plaintiff Roland Harris has suffered compensatory damages, including loss of income, and general damages, including emotional distress according to proof.

25.  Defendant's conduct was malicious, wanton, oppressive, motivated by evil motive or intent, and/or was performed with reckless or callous indifference to Mr. Harris's federally protected rights such that he is entitled to an award of punitive damages in an amount according to proof.

26.  Plaintiff Roland Harris is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Harris respectfully requests the Court to enter judgment for plaintiff Harris against defendant Graham as follows:

A.  That this Court award plaintiff compensatory and general damages in an amount according to proof.

B.  That this Court award plaintiff punitive damages in an amount according to proof.

1    C.    That this Court award plaintiff his court costs and reasonable attorneys' fees
2 herein incurred, pursuant to federal law.
3    D.    That this Court award pre-judgment and post-judgment interest on the amounts
4 set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.
5    E.    That this Court grant such other and further relief as this Court may deem just
6 and proper.
7    Dated this  21st  day of February, 2008.

                              DAVID C. LARKIN, P.C.

                              By:  s/ David C. Larkin
                                   David C. Larkin
                                   Attorney for Plaintiff