1    **WO**

2

3

4

5                           **NOT FOR PUBLICATION**

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Ronald G. Harris, Jr.,                    )    No. CV-08-340-PHX-FJM
                                                )
10                   Plaintiff,                 )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12                                              )
     Graham Enterprises, Inc., f/k/a Rodeo)
13   Nights, a corporation; Graham Brothers)
     Entertainment, Inc.; CG Management and)
14   Promotion, Inc.; Richard Egan; Roger)
     Gearhart,                                  )
15                                              )
                     Defendants.                )
16                                              )
                                                )
17   ─────────────────────────────────────)

18          Ronald Harris brings this action against his former employer, Graham Enterprises, Inc.

19   ("Graham Enterprises"), and associated parties alleging racial discrimination and retaliation

20   in violation of federal law. We have before us Graham Enterprises' motion for summary

21   judgment (doc. 37), Graham Brothers Entertainment, Inc. ("Graham Brothers"), CG

22   Management & Promotion, Inc. ("CG"), Richard Egan, and Roger Gearhart's motion for

23   summary judgment (doc. 38), and defendants' joint statement of facts (docs. 39). We also

24   have before us plaintiff's responses, separate statement of facts, and notice of filing exhibit

25   13 (docs. 43, 44, 45, & 46 respectively), and defendants' replies and joint objections to

26   plaintiff's separate statement of facts (docs. 47, 48 & 49 respectively). The court also has

27   before it plaintiff's amended motion for leave to file a response to defendants' objections to

28

1  plaintiff's statement of facts and evidence (doc. 52), defendants' joint response (doc. 56), and
2  plaintiff's reply (doc. 57).

3        As an initial matter, we deny plaintiff's motion for leave to file a response to
4  defendants' objections. The rules of civil procedure provide for a motion, response, and
5  reply, and we see no need to extend beyond that point in this case. LRCiv. 7.2. We remind
6  the parties that we will not consider any issues raised for the first time by defendants' replies.
7  Gadda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007).

8                                              I

9        Plaintiff is a Black male who worked as a night club security guard for Graham
10 Enterprises beginning in June 2004. In July 2005, the club's general manager left and the
11 assistant manager, Devon Watt, was promoted to the position. Plaintiff claims three non-
12 Black people were offered the assistant manager position vacated by Watt even though the
13 opening was not posted. Plaintiff allegedly asked Watt why he had not been offered the
14 position and was told that he did not have the necessary qualifications. The assistant
15 manager position was never filled.

16        On August 17, 2005, plaintiff filed a complaint with the Equal Employment
17 Opportunity Commission ("EEOC") claiming that he was not offered the assistant manager
18 position because of his race. On August 26, 2005, plaintiff was suspended without pay for
19 insubordination. Based on his suspension, plaintiff filed a charge of retaliation with the
20 EEOC on August 29, 2005. After filing the charge, plaintiff spoke with Gearhart, president
21 of Graham Brothers, and was allegedly told he could return to work if he dropped his
22 discrimination claim. Plaintiff refused and did not return to work. The club closed in
23 November 2005.

24        On July 31, 2007, the EEOC issued a reasonable cause determination on plaintiff's
25 charge of retaliation. PSOF, Ex. 6. Plaintiff brings this action claiming: (1) racial
26 discrimination in violation of Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, *et*
27 *seq.* ("Title VII") by Graham Enterprises, Graham Brothers, and CG; (2) retaliation in
28

- 2 -

1   violation of Title VII by Graham Enterprises, Graham Brothers, and CG; and (3) racial

2   discrimination and retaliation in violation of 42 U.S.C. § 1981 by all defendants. Defendants

3   move for summary judgment on all claims.

4                                                    II

5           Defendants first claim that plaintiff has failed to show sufficient evidence of disparate

6   treatment on account of his race in violation of Title VII and 42 U.S.C. § 1981.   The

7   standard analysis under a Title VII disparate treatment case is the same as that under Section

8   1981. Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 694 F.2d 531, 538 (9th

9   Cir. 1982). We apply the McDonnell Douglas burden shifting analysis. McDonnell Douglas

10  Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Plaintiff has the initial burden to show

11  a prima facie case of discrimination, which defendants may then rebut by providing a

12  "legitimate, nondiscriminatory reason" for the disparate treatment. Odima v. Westin Tucson

13  Hotel Co., 991 F.2d 595, 599 (9th Cir. 1993) (citation omitted).  If defendants provide such

14  a reason, plaintiff must establish that the defendants' reason is a pretext for discrimination.

15  Id. Despite the intermediate burden of production shifting, the ultimate burden of proving

16  discrimination remains with plaintiff at all times.  Texas Dept. of Cmty. Affairs v. Burdine,

17  450 U.S. 248, 253, 101 S. Ct. 1089, 1094 (1981).

18          Defendants argue that plaintiff has failed to show a prima facie case of discrimination

19  because he cannot show that there was an open position. We agree.  To establish a prima

20  facie case using indirect evidence, plaintiff must show that: "(1) [he] is a member of a

21  protected class; (2) [he] applied for a job for which [he] was qualified; (3) [he] was rejected;

22  and (4) the position remained open and the employer sought other similarly-qualified

23  employees." Surrell v. California Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008)

24  (citing McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824). "'[T]he failure to prove the

25  existence of a job opening' is a failure as a matter of law to make out a prima facie case of

26  disparate treatment under McDonnell Douglas." Gay, 694 F.2d at 548 (quotation omitted).

27  Plaintiff does not dispute that the assistant manager position was neither advertised nor filled.

28

                                                  - 3 -

1    Plaintiff claims that the assistant manager position was available because it was
2  offered to three non-Black employees. Plaintiff has not, however, submitted sufficient
3  evidence to support his contention. He relies only on his own statement and has not provided
4  an affidavit from any of the three employees allegedly offered the position. Plaintiff's
5  testimony regarding the out of court statements of the three employees is hearsay, which we
6  may not consider in a motion for summary judgment. Fed R. Evid. 801; Orr v. Bank of Am.,
7  285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in
8  ruling on a motion for summary judgment.") (citations omitted). Without evidence that a job
9  opening actually existed, plaintiff has failed to show a prima facie case. We will, therefore,
10  grant defendants' motion for summary judgment as to plaintiff's racial discrimination claims.

11                                         III

12    Defendants also claim plaintiff has failed to show unlawful retaliation pursuant to
13  Title VII or 42 U.S.C. § 1981. The McDonnell Douglas burden shifting framework may also
14  be applied to plaintiff's retaliation claims. McGinest v. GTE Serv. Corp., 360 F.3d 1103,
15  1124 (9th Cir. 2004); Surrell, 518 F.3d at 1108-09. To establish a prima face case of
16  retaliation, plaintiff must show: "(1) that he acted to protect his Title VII rights; (2) that an
17  adverse employment action was thereafter taken against him; and (3) that a causal link
18  existed between the two events." McGinest, 360 F.3d at 1124. Defendants do not challenge
19  the first two prongs of the test, but argue that plaintiff cannot show a causal link between the
20  filing of his EEOC claim and his suspension. We disagree.

21    The timing of plaintiff's suspension alone is sufficient to show causation in this case.
22  "[C]ausation can be inferred from timing alone where an adverse employment action follows
23  on the heels of protected activity." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065
24  (9th Cir.2002). Plaintiff was suspended only nine days after filing his EEOC charge for
25  discrimination; this close proximity creates an inference of causation. See Yartzoff v.
26  Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) (finding that causation could be inferred from
27
28

                                         - 4 -

1 | timing where actions were taken less than three months after administrative complaint was
2 | filed).

3 |      Because plaintiff has shown a prima facie case of retaliation, defendants must
4 | articulate a non-retaliatory reason for his suspension. Defendants claim plaintiff was
5 | suspended for telling a co-worker that no one "could touch him" and that he planned to
6 | receive a large payment for his racial discrimination claims. Plaintiff denies making these
7 | statements. Even if we accept defendants' articulated reason for plaintiff's suspension,
8 | plaintiff has shown enough evidence to create a triable issue regarding pretext. The only
9 | evidence of plaintiff's allegedly disruptive behavior offered by defendants is the declaration
10 | of the person who suspended plaintiff. DSOF, Ex. B. Moreover, plaintiff's supervisors attest
11 | to the fact that he had been a good employee with no disciplinary problems before August
12 | 26, 2005. DSOF, Ex. B ¶ 3; DSOF, Ex. C ¶ 4. A reasonable jury may conclude that
13 | defendants' reason is a pretext for discrimination. Summary judgment on this issue is,
14 | therefore, inappropriate.[1]

15 | **IV**

16 |      Finally, Egan, Gearhart, Graham Brothers, and CG argue that they may not be held
17 | liable because plaintiff has not shown that they had any role in the allegedly retaliatory
18 | conduct. We disagree. According to the position statement submitted by Graham Enterprises
19 | during the EEOC investigation, Egan was informed about plaintiff's alleged comments
20 | regarding his EEOC claim and instructed that plaintiff be suspended PSOF, Ex. 4. The
21 | position statement also confirms that Gearhart spoke with plaintiff regarding his suspension
22 | on August 29, 2005. Id. Plaintiff alleges Gearhart told him during this conversation that he
23 | could return to work if he dropped his EEOC claim. PSOF, Ex. 2 at 110-11. It would,

24 |

25 |     [1]Graham Enterprises argues that plaintiff's damages should be limited to those
26 | incurred between the date he was suspended, August 26, 2005, and the date that the club was
27 | closed, November 30, 2005. Because we agree with plaintiff that a factual issue remains as
    to whether he would have been offered or accepted a transfer to an affiliated night club, we
28 | will not limit his potential damages at this time.

1  therefore, be reasonable to conclude that Egan and Gearhart had knowledge of the EEOC
2  claim and were involved with the alleged retaliatory conduct.

3        As to Graham Brothers and CG, a parent corporation will not be liable for the
4  discriminatory conduct of a subsidiary unless it has "'some peculiar control over the
5  employee's relationship with the direct employer'" and "engage[s] in 'discriminatory
6  interference.'" E.E.O.C. v. Pacific Maritime Ass'n, 351 F.3d 1270, 1274 (9th Cir. 2003)
7  (quotation omitted). Egan's pay stubs show that during 2005, when he ordered plaintiff's
8  suspension, he was employed by both Graham Brothers and CG.[2] PSOF, Ex. 9. Gearhart
9  was the president of Graham Brothers during the same period. PSOF, Ex. 10. Graham
10 Brothers and CG, therefore, exercised control over Graham Enterprises' employment
11 decisions, including its relationship with plaintiff, through Egan and Gearhart.[3]

12       Graham Brothers and CG also contend that they are not 'employers' within the
13 meaning of Title VII because plaintiff has not shown that either employs more than fifteen
14 people. 42 U.S.C. § 2000e(b). Plaintiff argues that Graham Enterprises, Graham Brothers,
15 and CG operated as integrated enterprises and, therefore, their employees should be
16 combined to meet the statutory minimum.[4] Two entities will be treated as integrated

17

18

19     [2]Defendants object to this evidence because it was not timely disclosed. Although
   plaintiff may not have included these documents in their initial disclosures, defendants are
20 not prejudiced. The challenged exhibits contain information that was in defendants' control
   and does not create any unfair surprise. We will, therefore, consider the exhibits that plaintiff
21 submitted.

22     [3]Graham Brothers, and CG claim that they may not be held liable under Title VII
23 because they were not named in plaintiff's EEOC charge. EEOC charges are to be construed
   liberally and "charges can be brought against persons not named in an EEOC complaint as
24 long as they were involved in the acts giving rise to the EEOC claims." Wrighten v. Metro.
25 Hosps., Inc., 726 F.2d 1346, 1352 (9th Cir. 1984) (citation omitted). Based on our
   conclusion that Graham Brothers and CG were involved in the decision to suspend plaintiff,
26 we will consider plaintiff's claims exhausted.

27     [4]The parties do not dispute that the aggregated total is over the fifteen person
28 minimum.

1    enterprises if they have: "(1) interrelated operations; (2) common management; (3)
2    centralized control of labor relations; and (4) common ownership or financial control."
3    <u>Morgan v. Safeway Stores, Inc.</u>, 884 F.2d 1211, 1213 (9th Cir. 1989). Plaintiff's evidence
4    shows that Graham Enterprises, Graham Brothers, and CG had common officers and
5    managers, centralized hiring, and common ownership. We will, therefore, consider Graham
6    Enterprises, Graham Brothers, and CG a single employer for purposes of the fifteen
7    employee minimum.

8                                           **V**

9         Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for leave to file
10   response to defendants' objections to plaintiff's statement of facts and evidence in opposition
11   to defendants' motions for summary judgment (doc. 52).

12        **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant
13   Graham Enterprises' motion for summary judgment (doc. 37). The motion is granted as to
14   plaintiff's Title VII and 42 U.S.C. § 1981 racial discrimination claims and denied as to all
15   other claims.

16        **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART**
17   defendants Graham Brothers, CG, Egan, and Gearhart's motion for summary judgment (doc.
18   38). The motion is granted as to plaintiff's Title VII and 42 U.S.C. § 1981 racial
19   discrimination claims and denied as to all other claims.

20        Plaintiff's Title VII retaliation claim against Graham Enterprises, Graham Brothers,
21   and CG and plaintiff's and 42 U.S.C. § 1981 retaliation claim against all parties survive.
22        DATED this 10th day of March, 2009.

23

24

25                                     Frederick J. Martone
                                     United States District Judge

26

27

28